**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4595

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRAIG LEWIS WATLINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:06-cr-00404-WLO)

Submitted: March 3, 2008                Decided: April 7, 2008

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph M. Wilson, Jr., MERRITT, FLEBOTTE, WILSON, WEBB & CARUSO, PLLC, Durham, North Carolina, for Appellant. David Paul Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig Lewis Watlington pled guilty to distributing cocaine base (Count 1), and to possession of a firearm by a convicted felon (Count 2). The district court properly calculated Watlington's advisory Sentencing Guidelines range as 262-327 months of imprisonment and sentenced him to 270 months for Count 1 and to a concurrent sentence of 120 months for Count 2. Watlington timely appeals, and his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal, but raising the following issue: whether the district court erred by imposing a sentence that is unreasonably long. For the reasons that follow, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence to determine whether it is unreasonable, applying a "deferential abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 591 (2007). A district court must engage in a multi-step process at sentencing. First, the district court must calculate the appropriate advisory Sentencing Guidelines range by making any necessary factual findings. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). Then the court should afford the parties "an opportunity to argue for whatever sentence they deem appropriate." Gall, 128 S. Ct. at 596-97. Next, the sentencing court should consider the resulting advisory sentencing range in conjunction with the factors set out in 18

- 2 -

U.S.C.A. § 3553(a) (West 2000 and Supp. 2007), and determine whether the § 3553(a) factors support the sentence requested by either party. Id. Considering the factors in § 3553(a) does not require the sentencing court to "robotically tick through" every subsection of § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

To determine whether a sentencing court abused its discretion, we undertake a two-part analysis. United States v. Pauley, 511 F.3d 468 (4th Cir. 2007). First, we examine the sentence for "significant procedural errors," and second, we evaluate the substance of the sentence. Id. at 473. Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Id. (citing Gall, 128 S. Ct. at 597). "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. While an appellate court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. Id.

Here, the district court followed the necessary steps in sentencing Watlington, and we find no abuse of discretion in its within-Guidelines range sentence of 270 months for Count 1 and the concurrent 120-month sentence for Count 2. We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. Despite notice, Watlington has not filed a pro se supplemental brief. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED